[Civ. No. 24569. Fourth Dist., Div. One. Dec. 24, 1981.]

PETER J. DODOSH, Plaintiff and Appellant, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

**COUNSEL**

David Graf, Seth J. Kelsey and Banks, Leviton, Kelley, Drass & Kelsey for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Donald H. Rubin, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

LEVITT, J.*—Peter J. Dodosh became employed by the County of Orange as a deputy sheriff on February 9, 1979. During the course of his employment he was a member of the Orange County Employees Retirement System. Dodosh took a two-month leave of absence due to an injury Dodosh claimed occurred in the course and scope of his employment. Dodosh's physician notified the county Dodosh could return to work, subject to certain work limitations for the first six weeks after returning. Dodosh, however, voluntarily resigned effective July 19, 1979, stating, in writing, he had accepted employment elsewhere which required his leaving the Orange County area August 3, 1979. He then, on July 20, 1979, applied for and received from the retirement system, a

---

*Assigned by the Chairperson of the Judicial Council.

refund of all monetary contributions he had made to it. Dodosh sought a disability retirement allowance by signing and submitting an application form on or about July 10, 1980. The board of retirement of the retirement system determined Dodosh was not eligible to apply for a disability retirement and took no action on his application. Dodosh filed a petition for writ of mandate, which was denied by the trial court, and now appeals.

■ The sole issue for us to decide is whether Dodosh was eligible to apply for a disability retirement.[1]

Only a member of the retirement system may apply for a disability retirement. (Gov. Code, § 31720.[2]) The Orange County Employees Retirement System operates pursuant to sections 31450-31898 and the statutory provisions relating to disability retirement are contained in sections 31720-31740. These sections refer to "members."

Section 31470 defines "member" as "... any person included in the membership of the retirement association ... or any person who has elected in writing to come within the provisions of Article 9." Article 9 (§§ 31700-31706) sets forth provisions wherein an employee who leaves county service and elects to leave accumulated contributions on deposit may receive a deferred retirement allowance and thereby remain a member of the retirement system. Dodosh's voluntary resignation and withdrawal of retirement contributions thus precluded him from being a "member" when he applied for a disability retirement allowance.

Dodosh claims, however, that he was eligible to apply even though no longer a "member" because of section 31722 which provides: "The application shall be made while the member is in service, within four months after his discontinuance of service, or while from the date of discontinuance of service to the time of the application he is continuously physically or mentally incapacitated to perform his duties." Dodosh argues the last portion relating to "discontinued service" applies to him as he did so by resigning and withdrawing his contributions. Dodosh's position is untenable. Section 31722 contemplates only a "member" applying for a disability retirement subsequent to the date of discontinuance of service. Additionally, "service" means uninterrupted

---

[1]The briefs present disputes over factual matters relative to the merits of Dodosh's application, rather than his eligibility, which are issues not before us.

[2]All statutory references are to the Government Code.

employment for that period of time for which deductions are made from an employee's earnable compensation (§ 31641). Therefore, discontinued service means an unpaid leave of absence, during which time the person remains an employee.

We concur with the trial court's conclusion of law number 5: "No one other than a member of the Orange County Employees Retirement System is eligible to apply for a disability retirement allowance from said Retirement System. Subsequent to this voluntary resignation from his County employment, and his withdrawal of contributions from the Retirement System, Petitioner ceased being a member of the Orange County Employees Retirement System."

The judgment denying the petition for writ of mandate is affirmed.

Wiener, Acting P. J., concurred.

Work, J., concurred in the result.