[Civ. No. 67767. Second Dist., Div. Four. Dec. 19, 1983.]

LLOYD MATLOVSKY, Plaintiff and Appellant, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION,
Defendant and Respondent.

COUNSEL

Lemaire, Faunce & Katznelson and Mark Ellis Singer for Plaintiff and Appellant.

John H. Larson, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, and Ben A. Swartz, Deputy County Counsel, for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Petitioner appeals from a judgment denying his petition for a writ of mandate to overturn a decision of the board denying him a service-connected disability retirement.[1] We reverse.

Petitioner was employed by the county as a medical photographer from 1939 until his retirement in 1976, except for a period of military service between 1942 and 1946. He claims to be entitled to the service-connected retirement because: (1) the stress and strain of the administrative responsibility connected with his job caused disabling tensions;[2] and (2) the job-connected requirement of standing six or more hours a day aggravated varicose veins in his legs, causing ulcers as well as debilitating pain.

---

[1]Petitioner was granted, and has been drawing a nonservice-connected retirement pension.

[2]In addition to his responsibilities as a photographer, petitioner had duties as an administrator over about 17 employees. He claims that the tensions of that responsibility contributed to his decision to retire.

The briefs here are directed primarily to the leg injury. The board relied on a report from one medical expert arguably adverse to petitioner and the trial court relied on that same report.[3] We conclude that both the board and the trial court erred and, therefore, reverse the judgment with directions to grant the writ.

The governing statute is section 31720 of the Government Code which, at the time of petitioner's retirement and application for a pension—i.e., July of 1976—read in pertinent part as follows: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if, (a) His incapacity is a result of injury or disease arising out of and in the course of his employment. . . ."

That statute has been construed in a series of cases, including *Gelman* v. *Board of Retirement* (1978) 85 Cal.App.3d 92 [149 Cal.Rptr. 225], to require a service-connected disability retirement (a) if the disabling injury or disease was *a* but not necessarily the sole, cause of the retirement; and (b) an injury was *a* cause of the disability if it aggravated to any degree, even if slight,[4] a condition that, in and of itself, was not service connected.[5] The Board here relies on a 1980 amendment of section 31720, so that it now reads, in pertinent part, as follows: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age, if, and only if: (a) The member's incapacity is a result of injury or disease arising out of and in the course of the member's employment and such employment contributes substantially to such incapacity." ▇ The board's reliance on that 1980 amendment is in error. The 1980 amendment expressly provides that: "The amendments to this section enacted during the 1979-1980 Regular Session of the Legislature shall be applicable to all applicants for disability retirement on or after the effective date of such amendments." In the case at bench, petitioner became an applicant for a disability retirement in July of 1976. His retirement rights had vested by that date; it is immaterial that bureaucratic red tape has postponed his enjoyment of those rights until 1983.

A decision of a trial court in a case such as this must be supported by substantial evidence in the record. The only support in this case is the report of one medical expert—Dr. Allen. While a single medical report will suffice to provide support for a decision, even in the face of other contrary medical

---

[3] A series of other medical reports fully supported petitioner's claims.

[4] In the concluding paragraph in *Gelman* the court said, of the possibility that even slight contribution might result in a service-connected pension, that the remedy, if necessary, lay with the Legislature. It took two years for the Legislature to react to that suggestion.

[5] It is agreed that, because medical science does not know what factors cause varicose veins, the veins cannot be proved to be service-connected.

reports, the report relied on may not be based on an incorrect legal theory.[6] Here Dr. Allen's report admitted that standing long hours *could* aggravate petitioner's varicose vein problem, but found that the standing was not a "substantial" cause of petitioner's disability. As we have pointed out above, under the law here applicable, being the law under which petitioner's rights vested, required only that the job condition be *a,* even if minor, cause. The decision below not being based on relevant evidence was in error and must be reversed.

The judgment is reversed. The case is remanded to the trial court with directions to issue its writ of mandate, directing respondent board to grant to petitioner a service-connected disability pension effective as of the date of his July 1976 application.

Amerian, J., and Saeta, J.,* concurred.

---

[6]*Zemke* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2nd 794, 801 [69 Cal.Rptr. 88, 441 P.2d 928]; *Place* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 372, 378 [90 Cal.Rptr. 424,475 P.2d 656].

*Assigned by the Chairperson of the Judicial Council.