[Civ. No. 23934. Third Dist. Feb. 8, 1985.]

HELEN M. FLINT, Plaintiff and Respondent, v.
SACRAMENTO COUNTY EMPLOYEES' RETIREMENT
ASSOCIATION, Defendant and Appellant.

**COUNSEL**

L. B. Elam, County Counsel, and Anthony L. Wright, Deputy County Counsel, for Defendant and Appellant.

James R. Coombs and Coombs & Root for Plaintiff and Respondent.

## OPINION

**BLEASE, J.**—Sacramento County Employees' Retirement Association (Association) appeals from a judgment directing it to grant respondent a service-connected disability retirement as sought in her petition for writ of mandate. We will affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

Respondent Helen M. Flint was employed in 1956 as a staff nurse for Sacramento County. In September 1977, she left her position with the county. Respondent filed an application for a service-connected disability retirement on May 24, 1978. After a hearing on November 12, 1980, the Sacramento County Board of Retirement (Board) granted her a disability retirement pension, but concluded her disability was nonservice-connected. Following respondent's timely appeal, the Board granted a rehearing on June 29, 1983, but again refused to grant the service-connected disability retirement.

Respondent filed a petition for a writ of mandate. At the hearing on the petition, the Association's counsel conceded that if respondent's retirement application were governed by the law as it existed prior to the amendment of Government Code section 31720, a sufficient basis for a service-connected disability existed. The court concluded the applicable law was the unamended code section. Accordingly, the court directed the Association to grant the service-connected disability retirement as sought in the petition.

The Association appeals contending the court erred in failing to apply Government Code section 31720 as amended.

### DISCUSSION

 The sole issue is whether the amendment to Government Code section 31720 is applicable to one who has applied for and has been granted a disability retirement pension before the effective date of the amendment but who appeals the decision as to the type of disability pension. We find that it is not.

Government Code section 31450 et seq.[1] comprise the County Employees Retirement Law of 1937 (Retirement Law). The purpose of the Retirement Law is to "recognize a public obligation to county and district employees

---

[1]All statutory references are to the Government Code unless otherwise indicated.

who become incapacitated by age or long service in public employment and its accompanying physical disabilities by making provision for retirement compensation and death benefit as additional elements of compensation for future services and to provide a means by which public employees who become incapacitated may be replaced by more capable employees to the betterment of the public service without prejudice and without inflicting a hardship upon the employees removed." (§ 31451.)

Section 31720 provides for the disability retirement of a member of the retirement system who is "permanently incapacitated for the performance of duty."[2] However, one of two conditions must be met. The first provision allows for the disability retirement of a member whose incapacity is service-connected. (§ 31720, subd. (a).) The second allows for the retirement of a permanently incapacitated member who has completed five years of service,[3] even though the disability is not service-connected.[4] (§ 31720, subds. (b), (c).)

When respondent applied for a disability retirement in 1978, section 31720 provided: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: [¶] (a) His incapacity is a result of injury or disease arising out of and in the course of his employment, or [¶] (b) He has completed five years of service, and [¶] (c) He has not waived retirement in respect to the particular incapacity or aggravation thereof as provided by Section 31009." Subdivision (a), the service-connected disability provision, was amended by the Legislature in 1980 to require additionally that "such employment contributes substantially to such incapacity." (§ 31720, subd. (a).)[5] The Legisla-

---

[2] A member of the retirement system may be retired upon the application of the member, the head of the office or department in which he is or was last employed, or any other person on the member's behalf. (§ 31721.) "The application shall be made while the member is in service, within four months after his discontinuance of service, or while from the date of discontinuance of service to the time of the application he is continuously physically or mentally incapacitated to perform his duties." (§ 31722.)

[3] The nonservice-connected disability provision also requires that "[t]he member has not waived retirement in respect to the particular incapacity or aggravation thereof as provided by Section 31009." (§ 31720, subd. (c).)

[4] The calculation of the pension to which the member is entitled differs depending on whether the disability is service-connected or nonservice-connected. (See §§ 31727 and 31727.4.)

[5] Section 31720, as amended, provides: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: [¶] (a) The member's incapacity is a result of injury or disease arising out of and in the course of the member's employment, and such employment contributes substantially to such incapacity, or [¶] (b) The member has completed five years of service, and [¶] (c) The member has not waived retirement in respect to the particular incapacity or aggravation thereof as provided by Section 31009. [¶] The amendments to this section enacted during the 1979-80 Regular Session of the Legislature shall be applicable to all applicants for disability retirement on or after the effective date of such amendments."

ture further provided that "[t]he amendments to this section enacted during the 1979-80 Regular Session of the Legislature shall be applicable to all applicants for disability retirement on or after the effective date of such amendments." (§ 31720; Stats. 1980, ch. 240, § 1, p. 482.) The amendment became effective on January 1, 1981. (Cal. Const., art. IV, § 8, subd. (c)(1).)

Respondent retired and applied for disability retirement in 1978; she was granted a nonservice-connected disability retirement in 1980.[6] The Association does not dispute the fact that respondent is "permanently incapacitated for the performance of duty." The only issue of contention is whether she is entitled to a service-connected or a nonservice-connected disability retirement. The resolution of this issue hinges on whether respondent's case is controlled by section 31720 as amended or whether the applicable law is the preamended section.

We examine this statute with a fundamental principle in mind. ■ Provisions added by amendment which affect substantive rights are construed as intended to operate prospectively. (See 1A Sutherland, Statutory Construction (4th ed. 1972) § 22.36, p. 200.) A statute will be given retroactive effect only if the Legislature has expressly and clearly so declared. (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865].) "The Legislature, of course, is well acquainted with this fundamental rule, and when it intends a statute to operate retroactively it uses *clear language* to accomplish that purpose." (*Id.,* at p. 176; italics added.) Thus, the "rule against retroactive construction requires that 'a statute should be given the least retroactive effect that its language reasonably permits.'" (*Douglas Aircraft Co.* v. *Cranston* (1962) 58 Cal.2d 462, 467 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298], citing *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488, 494 [20 Cal.Rptr. 621, 370 P.2d 325].) Furthermore, we note that the Retirement Law specifically provides that an amendment to that chapter "unless expressly stated otherwise, does not grant, take away, or otherwise affect the right to, or the amount of, any retirement allowance, . . . of . . . [a]ny member who has retired or shall retire prior to the effective date of such amendment." (§ 31481.)

Initially we review the wording of the provision in section 31720 that specifies the applicability of the amendment. The statute provides that the amendment "shall be applicable to all applicants for disability retirement

---

[6]Respondent has worked for the county for over five years. Therefore, she is entitled to a disability retirement pension even if her permanent incapacity is nonservice-connected.

on or after the effective date of such amendments." (§ 31720.) The effective date of the amendment was January 1, 1981. (See *Traub* v. *Board of Retirement* (1983) 34 Cal.3d 793, 795, fn. 1 [195 Cal.Rptr. 681, 670 P.2d 335].) The question we must answer is whether respondent was an "applicant[] for disability retirement on or after" January 1, 1981.

The Legislature did not define the phrase "applicant for disability retirement." It is not clear from the statute whether the Legislature intended the applicability of the amendment to be predicated on the event of the filing of the application or on the status of the individual applying for disability retirement. In other words, an ambiguity exists as to whether the amendment applies only to one who files an application on or after January 1, 1981, or whether it applies to one who has applied for disability benefits before January 1, 1981, but who has not yet received a decision from the Board. Furthermore, even if the Legislature intended the latter interpretation, the question still remains whether a retiree who has already been granted disability retirement benefits, but who contests the type of benefits received, is an "applicant for disability retirement."

The ambiguity of this code section is underscored by the fact that the two districts of the Court of Appeal addressing the issue have reached opposite conclusions.[7] In *Matlovsky* v. *Board of Retirement* (1983) 149 Cal.App.3d 1069 [197 Cal.Rptr. 259], the Second District appears to have predicated

---

[7]The Supreme Court has not directly addressed the issue of the applicability of the section 31720 amendment. However, its decision in *Traub* v. *Board of Retirement, supra,* 34 Cal.3d 793, implies that the amendment does not apply to one who has filed an application for disability retirement prior to January 1, 1981. The plaintiff in *Traub* applied for a service-connected disability pension in 1977. The retirement board granted him a nonservice-connected disability pension in 1979. The trial court denied a writ of mandate in December 1980, concluding the incapacity was not service-connected because it did not "aris[e] out of and in the course of his employment" as required by Government Code section 31720. The Supreme Court concluded the injury arose out of and in the course of employment within the meaning of section 31720 and held the trial court erred in concluding plaintiff's disability was not service-connected. In its discussion of the issue, the court never applied the requirement that the "employment contributes substantially to such incapacity." The only mention of the amendment was in a footnote where the court noted: "When plaintiff applied for disability retirement on October 18, 1977, section 31720 provided in pertinent part: 'Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: (a) His incapacity is a result of injury or disease arising out of and in the course of his employment.' [¶] A 1980 amendment adds the requirement that the 'employment [have contributed] substantially to such incapacity' but provides that the amendment 'shall be applicable to all applicants for disability retirement on or after the effective date of [the amendment],' i.e., January 1, 1981. (§ 31720.)" (*Id.,* at p. 795, fn. 1.) If the court had interpreted the amendment to be applicable to one who had applied for disability retirement before January 1, 1981, but who was appealing the board's decision, the additional requirement that the employment have contributed to such incapacity should have been considered.

the applicability of the amendment on the event of filing the application. In that case a county employee had retired and applied for a pension in 1976. The retirement board relied on the amendment to section 31720 and granted him a nonservice-connected pension. In holding that the retiree was entitled to a service-connected disability retirement, the court applied section 31720 as it read at the time of the petitioner's retirement and application for the pension. The court stated "petitioner became an applicant for a disability retirement in July of 1976. His retirement rights had vested by that date; it is immaterial that bureaucratic red tape has postponed his employment of those rights until 1983."[8] (*Id.*, at p. 1071.)

In *Lundak* v. *Board of Retirement* (1983) 142 Cal.App.3d 1040 [191 Cal.Rptr. 446], the First District applied section 31720 as amended to an individual who had applied for disability retirement before January 1, 1981, but who had not been granted a service-connected disability retirement pension before that date.[9] The court stated that "[a]lthough appellant filed his application before this date [January 1, 1981], he has not been granted service-connected disability retirement. Appellant continues to seek benefits under Government Code section 31720 and is therefore still an 'applicant for disability retirement.' Consequently, the amended statute applies to him by virtue of the specific applicability provisions added by the 1980 amendment." (*Id.*, at pp. 1043-1044, fn. 1.)[10]

■ We find the amendment to section 31720 is not applicable where the application for disability retirement was filed prior to January 1, 1981. If the Legislature had intended that the amendment apply to all cases not yet final, it would have been sufficient for the statute to provide that the amendment shall be applicable to all applicants *on* the effective date of the amendment. Under such an interpretation, the words "or after" are surplusage. It is an elementary rule that a statute should be construed so that "effect [is] given, if possible, to every word, clause and sentence of a

---

[8]The *Matlovsky* case is barren of analysis. The case suggests that the amendment applies to those who file an application for disability retirement on or after January 1, 1981. However, by asserting that petitioner's "retirement rights vested by that date" the court seems to be raising a constitutional issue—i.e. whether vested rights can be affected by subsequent amendments. This is a question separate and distinct from the statutory construction issue. Parties in the instant case do not raise any constitutional questions. Since we decide the amendment is not applicable to respondent's case, we do not reach the issue.

[9]The case does not reveal whether the employee was granted nonservice disability retirement before January 1, 1981.

[10]The court reversed the judgment denying the employee the service-connected disability retirement, holding that under section 31720, as amended, the employee was entitled to such retirement because the "employment contributed substantially to his disability." (*Lundak* v. *Board of Retirement, supra,* 142 Cal.App.3d at p. 1046.)

statute." (2A Sutherland, Statutory Construction (4th ed. 1984) § 46.06, p. 104; fn. omitted.) The words "or after" have meaning only if the statute is construed to refer to the date of filing the application.[11]

It is well established that pension legislation "should be liberally construed resolving all ambiguities in favor of the applicant." (*Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822 [111 Cal.Rptr. 841]; see *Gorman* v. *Cranston* (1966) 64 Cal.2d 441, 444 [50 Cal.Rptr. 533, 413 P.2d 133].) The statute does not constitute an express, much less a clear, declaration that the amendment should operate retroactively to include an employee who, prior to the effective date of the amendment, retired, applied for disability retirement, and received a disability retirement pension. If the Legislature had intended the amendment to apply in this situation, it could have so provided.[12] Accordingly, we find that respondent was not an "applicant for disability benefits on or after the effective date of [the] amendments." Therefore, we conclude respondent's case is governed by the unamended statute.

We affirm the judgment.

Evans, Acting P. J., and Sparks, J., concurred.

---

[11]An examination of other provisions of the Retirement Law reveals further support for the conclusion that the applicability of the amendment is based on the date of filing the application for disability retirement. The application date is the date on which disability retirement allowances begin to accrue. Section 31724 provides that if a member is retired for permanent incapacity, "disability retirement allowance shall be effective as of the date such application is filed with the board . . . ." Section 31725.8 provides that if a board denies a member's application for a service-connected disability retirement, the board may grant a nonservice-connected disability allowance pending the board's rehearing or judicial review. If the disability is later determined to be service-connected, adjustments shall be made "retroactive to the effective date of his disability retirement." (§ 31725.8.) Thus, if an error is made in the initial determination, the effective date for purposes of calculating retirement benefits is the date of filing the application, as provided in section 31724.

[12]The Legislature is familiar with the fundamental rule of the nonretroactivity of statutes absent an express and clear declaration to the contrary. For example, in enacting Civil Code section 4800.1, the Legislature conditioned the applicability of a new statute on the date of the commencement of the proceedings. The Legislature provided: "This act applies to the following proceedings: [¶] (a) Proceedings commenced on or after January 1, 1984. [¶] (b) Proceedings commenced before January 1, 1984, to the extent proceedings as to the division of the property are not yet final on January 1, 1984." (Stats. 1983, ch. 342, § 4.)