TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  | : |  |
|---|---|---|
| OPINION | : | No. 85-904 |
|  | : |  |
| of | : | FEBRUARY 14, 1986 |
|  | : |  |
| JOHN K. VAN DE KAMP | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____


THE HONORABLE JAMES P. FOX, DISTRICT ATTORNEY, SAN MATEO COUNTY, has requested an opinion on the following question:

Is an individual who has elected deferred retirement pursuant to section 31700 et seq. of the Government Code eligible to receive credit in a county retirement system for prior public service pursuant to section 31641.1 of the Government Code?

CONCLUSION

An individual who has elected deferred retirement pursuant to section 31700 et seq. of the Government code is eligible to receive credit in a county retirement system for prior public service pursuant to section 31641.1 of the Government Code.

1

San Mateo County is one of twenty counties which have adopted the County Employees Retirement Law of 1937, Government Code, section 31450 et seq.[1] Article 9 of that law contains the provisions with respect to "deferred retirement." "Deferred retirement" is an option available to county employees who have completed at least five years of county service and then leave such service. This option permits the employees to leave their accumulated contributions in the retirement system instead of withdrawing them. By doing so, the employees may receive a retirement allowance from the county at a future date based upon their county service. The earliest date would be the date they could have retired had they remained in county service.[2]

The facts which give rise to this request involve a state officer who, prior to becoming a state officer, was a county officer. As such, he had been an active "member" of the county retirement system. (§ 31552.) Upon leaving that position, he elected to take "deferred retirement" pursuant to article 9. He has now requested that he receive credit in the county retirement system pursuant to section 31641.1 for military service which he completed before entering county service.[3] Section 31641.1 provides:

"A member who was in public service before becoming a member may elect by written notice filed with the board to make contributions pursuant to Section 31641.2 and to receive credit in the retirement system for all allowed public service time. Credit for part-time service shall be calculated as provided in Section 31641.5."

---

[1] All section references are to the Government Code unless otherwise indicated.

[2] Section 31700 provides:

"Any member, whether over or under the minimum age of voluntary service retirement, who leaves county service after completing five years of service or who leaves county service and within 90 days becomes a member of the Public Employees' Retirement System, or a retirement system established under this chapter in another county, may elect in writing, within 180 days after leaving county service, to leave his accumulated contributions in the retirement fund and be granted a deferred retirement allowance to become effective either:

"(a) Upon the option of the member, at any time at which he could have retired had he remained in county service in a full-time position, or

"(b) Not later than the first day of the month following that in which he attains the compulsory retirement age."

[3] He is not entitled to receive any military pension or retirement allowance. (See section 31641.4.) Military service qualifies as prior "public service." (30 Ops.Cal.Atty.Gen. 49 (1957.

2

Section 31641.2 then provides that "[a]ny member of the retirement system" who makes that election shall also make appropriate contributions to the retirement fund "prior to the effective date of his retirement."[4]

The critical question as to his eligibility is, what does the word "member" mean in sections 31641.1 and 31641.2? Does it include employees who have already elected "deferred retirement" (hereinafter, "deferred retirement members"), or is it restricted to current county employees (hereinafter, "active members")?

Prior to 1974 the county retirement law of 1937 did not contain provisions for deferred retirement or provisions for prior public service credit. The deferred retirement article was added by chapter 825, Statutes of 1945, as Article 7.5 (see now article 9, section 31700 et seq). At that time the definition of "member" contained in the original act was amended to include deferred retirement members. Accordingly, section 18 of the 1937 act was amended in 1945 to read:

"Sec.18. 'Member' means any person included in the membership of the retirement association as set forth in Article 2, *or* any person who has elected in writing to come within the provisions of Article 7.5." (Stats. 1945, ch. 825, § 1; emphasis added.)

*Ten years later*, the 1937 act was amended to add section 31641.1 to authorize counties at their option to grant retirement credits to "members" for prior public service. (Stats. 1955, ch. 363.)

From the foregoing sequence of events, it would appear reasonable to conclude that the Legislature intended that the word "member" as used in section 31641.1 should mean both active members and deferred retirement members. This would seem to flow from the fact that the 1937 act already had defined member to include both. It would also seem to flow from the fact that the Legislature, in enacting section 31641.1, made no attempt in that section to differentiate between the two classes of members.

Despite what appears to us to be the reasonable construction of section 31641.1, we are informed that the local administrative practice is divergent, with some counties granting prior public service credit to deferred retirement members and others denying it. The latter counties would point out that neither sections 31641.1 nor 31641.2 are contained in nor are in any manner cross- referenced in Article 9, the "deferred retirement" article. However, the primary argument they would advance for denying

---

[4] 4. San Mateo County adopted the necessary resolution to make section 31641.1 applicable to the state officer in question. (See § 31641.95.)

credit arises from their construction of section 31470, which defines "member". That section presently provides:

> "'Member' means any person included in the membership of the retirement association pursuant to Article 4, and includes safety members as defined in sections 31469.3, 31470.2, 31470.4 and 31470.6, *or* any person who has elected in writing to come within the provisions of Article 9." (Emphasis added.)

Their argument points out that the words "and includes safety members as defined in sections 31469.3, 31470.2, 31470.4 and 31470.6" were added to the section subsequent to 1945, when the deferred retirement provisions were added to the 1937 law; and that, consequently, as originally amended in 1945, the definition of "member" presented a definition which clearly precluded *both* active members *and* deferred retirement members from falling within the purview of section 31641.1. As will be recalled, in 1945 section 18 of the 1937 retirement law was amended to read:

> "Sec.18. 'Member' means any person included in the membership of the retirement association as set forth in Article 2, *or* any person who has elected in writing to come within the provisions of Article 7.5." (Stats. 1945, ch. 825, 1; emphasis added.)[5]

Accordingly, or so goes the argument, by using the disjunctive "or" in the definition of "member", the Legislature intended that term, when found in a provision such as section 31641.1, to mean *either* active member or deferred retirement member, *but not both*; that had it intended to mean both, it would have used "and" in the section.

Those counties which would grant benefits under section 31641.1 for prior public service would reject this approach. Such approach could be rejected on the basis that the use of "or" in the definition of "member" instead of the word "and" is merely a recognition that a single individual can be only an active member *or* a retired member; that he cannot be both at the same time. Accordingly, under this argument, the word "or" *is* the appropriate connective to include both active members or deferred retirement members *as individuals*.

We believe this points out graphically that the words "or" and "and" are not absolutes, but are occasionally ambiguous. Although no California case law which we

---

[5] Present article 4 contains the provisions with respect to membership of current county employees which were previously found in article 2. And as noted above, article 9, providing for deferred retirement, was originally article 7.5.

4

have found discusses these connectives in such terms[6], a most enlightening and convincing discussion of the difficulties facing lawyers in the use and interpretation of the words "and" and "or" may be found in the American Bar Association article, Dickerson, "The Difficult Choice Between 'And' and 'Or'", (46 A.B.A.J. 310, March 1960). Such article notes:

> "The difference between 'and' and 'or' is usually explained by saying that 'and' stands for the conjunctive, connective, or additive and 'or' for the disjunctive or alternative. The former connotes 'togetherness' and the latter tells you to 'take your pick'. So much is clear. Beyond this point, difficulties arise.

> "One difficulty is that each of these two words is on some occasions ambiguous. Thus, it is not always clear whether the writer intends the *inclusive* 'or' (A or B, or both) or the *exclusive* 'or' (A or B, but not both). This long recognized uncertainty has given rise to the abortive attempt to develop 'and/or' as an acceptable English equivalent to the Latin 'vel' (the inclusive 'or').

> "What has not been so well recognized is that there is a corresponding, though less frequent, uncertainty in the use of 'and'. Thus, it is not always clear whether the writer intends the *several* 'and' (A and B, jointly or severally) or the *joint* 'and' (A and B, jointly but not severally). This uncertainty will surprise some, because 'and' is normally used in the former sense.

> ". . . . . . . . . . . . . . . . . . . . . .

> "Observation of legal usage suggests that in most cases 'or' is used in the inclusive rather than the exclusive sense, while "and" is used in the several rather than the joint sense. If true, this is significant for legal draftsmen and other writers, because it means that in the absence of special circumstances they can rely on simple 'or's' and 'and's' to carry these

---

[6] The case law usually states that the word "or" intends alternatives, that is, "either this or that." Accordingly, if the court feels both should be included, it will substitute "and" for "or". (See generally, e.g., *De Sylva* v. *Ballentine* (1956) 351 U.S. 570, 573-580; *Houge* v. *Ford* (1955) 44 Cal.2d 706, 712; *People* v. *Smith* (1955) 44 Cal.2d 77, 78-79 *Bianco* v. *Ind.Arc. Com.*(1944) 24 Cal.2d 584, 587; *Universal Sales Corp.* v. *Cal.Etc. Mfg. Co.* (1942) 20 Cal.2d 751, 775-776; *Arnold* v. *Hopkins* (1928) 203 Cal.553, 562-564; *Los Angeles County - U.S.C. Medical Center* v. *Superior Court* (1984) 155 Cal.App.3d 454, 461.)

respective meanings. This, incidentally, greatly reduces the number of occasions for using the undesirable expression 'and/or' or one of its more respectable equivalents, such as 'A or B, or both', or 'either or both of the following'." (*Id.*, at pp. 310-311, fns. omitted.)

That the use of the word "or" in defining a "member" for purposes of the county retirement system can be ambiguous is evident from the foregoing discussion. That it may be to some degree ambiguous in the 1937 act is evident from the administrative construction given to the definition found in section 31470 by 1937 act counties. The counties which would grant benefits for prior public service under section 31641.1 would be applying the inclusive "or." Those which would deny such benefits would be applying the exclusive "or."

Having established that some ambiguity may exist in the 1937 law with respect to the meaning of "member" as used in section 31461.1, the prior public service credit provision, we believe that the resolution of the question presented should be determined from the following rule of statutory construction. As stated recently in *Flint* v. *Sacramento County Employees' Retirement Assn.* (1985) 164 Cal.App.3d 659, 666:

"It is well established that pension legislation 'should be liberally construed *resolving all ambiguities in favor of the applicant*.' (*Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822 [111 Cal.Rptr. 841]; see *Gorman* v. *Cranston* (1966) 64 Cal.2d 441, 444 [50 Cal.Rptr. 533, 413 P.2d 133].). . ."[7]

Resolving any possible ambiguity in favor of the applicant state officer, we conclude that he is eligible to receive credit for his prior public services, that is, his military service, pursuant to section 31641.1.

\*\*\*\*\*

---

[7] See also generally *Hittle* v. *Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 390 and *Wheeler* v. *Board of Administration* (1979) 25 Cal.3d 600, 604-605 for more recent applications of the basic rule of liberal construction in favor of the retired employee.

We also note that some support for our ultimate conclusion herein may be found in the case *Dodosh* v. *County of Orange* (1981) 127 Cal.App.3d 936.

6