[No. B037836. Second Dist., Div. Four. May 22, 1989.]

ALVIN WEISSMAN, Plaintiff and Appellant, v.
LOS ANGELES COUNTY EMPLOYEES RETIREMENT
ASSOCIATION, Defendant and Appellant.

COUNSEL

Lewis, Marenstein & Kadar and Thomas J. Wicke for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and David L. Muir, Deputy County Counsel, for Defendant and Appellant.

OPINION

**GOERTZEN, J.**—Defendant Los Angeles County Employees Retirement Association (the Board) appeals the judgment ordering it to accept and process the application for disability retirement of plaintiff Alvin Weissman (Weissman). Weissman also appeals, contending the court erred when it denied him an award of attorney fees. For the reasons discussed below, we affirm the judgment.

FACTS

The facts are undisputed. Weissman worked as a permanent full-time employee for the County of Los Angeles from May 18, 1965, to March 30,

1984. After retiring from service on March 30, 1984, Weissman suffered a heart attack on April 26, 1984, and underwent bypass surgery the following day.

On June 18, 1984, Weissman applied for Workers' Compensation benefits. On July 31, 1985, he received a 38 percent permanent disability award as a result of injuries arising out of and in the course of his employment in the form of hypertension and injuries to his cardiovascular system.

On July 17, 1984, about three and one-half months after retiring, Weissman applied for a service-connected disability retirement pursuant to Government Code section 31722.[1] Since he had previously retired on a service pension on March 30, 1984, the Board did not accept his application. On October 7, 1987, after Weissman had made two more applications, the Board maintained its position and refused to accept his application for a service-connected disability retirement.

## Procedural History

On May 12, 1988, Weissman filed a petition for peremptory writ of mandate, pursuant to Code of Civil Procedure section 1085. He argued that section 31722 required the Board to accept and process his application for a service-connected disability retirement since he had applied within the four months allowed by this section. Weissman also requested an award of attorney fees, pursuant to Code of Civil Procedure section 1021.5 (private attorney general statute). He asserted that his suit provided a significant benefit to others, and that the Board had breached its fiduciary duty when it failed to inform the retirement system members that members make an irrevocable election of benefits despite the apparent meaning of section 31722.

Holding that the clear language of section 31722 compels the Board to accept and process Weissman's application, the court granted plaintiff's petition, and the writ issued. The court denied Weissman's request for attorney fees, made pursuant to Code of Civil Procedure section 1021.5, finding that the circumstances presented were peculiar to him, or to a very small class of people, and that the Board did not act in bad faith because "the fiduciary obligation to the remaining members also requires the fiduci-

---

[1] Government Code section 31722 provides: "The application [for disability retirement] shall be made while the member is in service, within four months after his discontinuance of service, or while from the date of discontinuance of service to the time of the application he is continuously physically or mentally incapacitated to perform his duties."

Subsequent statutory references are to the Government Code unless otherwise indicated.

ary not to give away the assets of the retirement fund. The fiduciary duties don't only run to Mr. Weissman."

## The Board's Appeal

The parties agree that the Board's appeal presents an issue of law. We are asked to determine whether, under section 31722, the Board is prevented from accepting a member's application for a service-connected disability retirement after the member has received a service pension.

## Discussion

Chapter 3, entitled "County Employees Retirement Law of 1937," sets forth the statutory scheme under which County retirement systems are to function. Section 31451 identifies the purpose of this statute as follows: "[T]o recognize a public obligation to county and district employees who become incapacitated by age or long service in public employment and its accompanying physical disabilities by making provision for retirement compensation and death benefit as additional elements of compensation for future services and to provide a means by which public employees who become incapacitated may be replaced by more capable employees to the betterment of the public service without prejudice and without inflicting a hardship upon the employees removed."[2]

■ Given this purpose, which is similar to those of other statutorily created retirement systems, our courts have long agreed that when called upon to interpret a retirement ordinance, "we are, of course, required to construe the provisions liberally in favor of the applicant so as to carry out their beneficent policy. [Citations.]" (*Wendland* v. *City of Alameda* (1956) 46 Cal.2d 786, 791 [298 P.2d 863].) With this rule in mind we turn to section 31722.

As noted in footnote 1, section 31722 identifies three circumstances under which a member may apply for a disability pension. The first is when a person is a member in service; "service" is defined in section 31641, in pertinent part, as "uninterrupted employment . . . for that period of time: (a) For which deductions are made from [the employee's] earnable compensation." The second is when a member applies *within* four months after discontinuance of service. The third occurs when a member applies *after* four months of discontinuance of service *only* if the member is incapacitated from the date of discontinuance to the date of application.

---

[2] Section 31670 et seq. set forth the rules and procedures governing age or service retirement. Section 31720 et seq. set forth the rules and procedures governing disability retirement.

In the instant case, plaintiff asserts, and the trial court has found, that his application falls within the purview of the second circumstance. In arguing against this conclusion, the Board relies solely on *Dodosh v. County of Orange* (1981) 127 Cal.App.3d 936 [179 Cal.Rptr. 804]. In *Dodosh,* the plaintiff commenced work as a deputy sheriff for the County of Orange on February 9, 1979, whereupon he became a member of the county retirement system. An alleged work-related injury required plaintiff to take a two-week leave of absence. Though his physician cleared him to return to work, plaintiff instead accepted employment elsewhere and voluntarily resigned from his county employment on July 19, 1979. On July 20, 1979, plaintiff applied for and received a refund of the money he had contributed to the retirement system.

On July 10, 1980, plaintiff applied for a disability retirement allowance. After the Retirement Board determined he was ineligible, plaintiff petitioned for a writ of mandate. The Superior Court denied his petition, finding he was not a "member" and, consequently, was not entitled to apply for disability retirement benefits. The Court of Appeal affirmed; it too found that plaintiff was not a "member" as defined by section 31720. The court further held that since plaintiff was not a member, he could not rely on section 31722. Having resolved the issue before it, the court then discussed what the phrase "discontinuance of service" meant in section 31722 and defined it as "an unpaid leave of absence, during which time the person remains an employee." (*Dodosh v. County of Orange, supra,* 127 Cal.App.3d at p. 939.)

The Board continues to rely on this definition to defend the propriety of its refusal to process plaintiff's application. We agree with the trial court and hold that the *Dodosh* court's definition of the phrase "discontinuance of service" is dicta and was unnecessary for the resolution of the case before it.[3]

When we undertake to interpret a statute, we are guided by long established principles of statutory construction "in order to 'ascertain the intent of the . . . [lawmakers] so as to effectuate the purpose of the law.' [Citation.]" (*Killian v. City and County of San Francisco* (1978) 77 Cal.App.3d 1, 7 [143 Cal.Rptr. 430].) We look to the words themselves and are required to give effect to statutes " ' "according to the usual, ordinary import of the language employed in framing them." [Citations.] . . . . "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they

---

[3] In any event, the facts in the instant case clearly are distinguishable from those in *Dodosh.*

appear." [Citations.] ■ Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.' [Citations.]" (*Id.,* at pp. 7-8.)

■ When we apply these rules of statutory construction to the phrase "discontinuance of service," the propriety of the court's action is confirmed. The ordinary meaning given to the word "discontinuance" is termination or cessation of activity. As explained above, the statute defines "service" in section 31641 as uninterrupted employment for a period of time for which deductions are made from the member's earnable compensation. It follows that "discontinuance of service" plainly and ordinarily means a member who has ceased to work for a salary from which deductions were made. In the instant case, Weissman stopped working because he retired. He then applied for a disability retirement within the four months "grace period" allowed by section 31722. The Board must accept and process Weissman's application.

## WEISSMAN'S APPEAL

■ Weissman contends that the trial court erroneously denied him an award of attorney fees, which he requested pursuant to Code of Civil Procedure 1021.5.[4]

The general rule is that, absent a controlling statute or an agreement between parties, attorney fees are not awarded to successful litigants in California courts. (§ 1021.) Section 1021.5, however, is an exception to this principle and codifies the "private attorney general" doctrine recognized in *Serrano* v. *Priest* (1977) 20 Cal.3d 25 [141 Cal.Rptr. 315, 569 P.2d 1303]. ■ The trial court has discretion to determine whether an award of section 1021.5 attorney fees is appropriate. (*Lucchesi* v. *City of San Jose* (1980) 104 Cal.App.3d 323, 336 [163 Cal.Rptr. 700].) A reversal of the trial court's determination will lie only if the resultant injury " ' "is sufficiently

---

[4] Code of Civil Procedure section 1021.5 provides: "Upon motion, a court may award attorney's fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."

Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

grave to amount to a manifest miscarriage of justice,"'" and "'no reasonable basis for the action is shown.'" (*Marini* v. *Municipal Court* (1979) 99 Cal.App.3d 829, 836-837 [160 Cal.Rptr. 465].)

■ In determining the propriety of a section 1021.5 award, the threshold consideration is whether the action has "resulted in the enforcement of an important right affecting the public interest." (§ 1021.5.) The language of the statute presumes "that there be some selectivity, on a qualitative basis, in the award of attorney fees . . . ." (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 935 [154 Cal.Rptr. 503, 593 P.2d 200].)

■ In the instant case, the court denied Weissman's request because it found the facts presented were peculiar to Weissman and, by implication, that his action did not result in the enforcement of an important right affecting the public interest. In addition, the court held that the Board acted in good faith. We are in accord. The record supports the court's conclusion that Weissman's claim involves a unique and unusual situation. The trial court did not abuse its discretion when it held that an award of attorney fees pursuant to section 1021.5 would be inappropriate. (*Lucchesi* v. *City of San Jose, supra,* 104 Cal.App.3d 323.)

DISPOSITION

The judgment is affirmed.

Each party to bear its own costs.

McClosky, Acting P. J., and George, J., concurred.