[Civ. No. 58083. Second Dist., Div. Five. Nov. 18, 1980.]

PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
THOMAS BLACKBURN, Respondents.

**COUNSEL**

Lawler, Felix & Hall, Erwin E. Adler, Milo Petranovich and Edwin W. Duncan for Petitioner.

Geffner & Satzman and Robert Goldstein for Respondents.

**OPINION**

**STEPHENS, Acting P. J.**—Petitioner the Pacific Telephone and Telegraph Company (Pacific Telephone) contends that respondent Workers' Compensation Appeals Board (Board) erred in finding respondent Thomas Blackburn (hereinafter also applicant) sustained injury to his emotional state arising out of and occurring in the course of employment. Pacific Telephone asserts that applicant's injury is not compensable as it was connected with Pacific Telephone's investigation of applicant's alleged forgery of customer signatures on Pacific Telephone contracts. The Board concluded that regardless of whether applicant had committed forgery that the injury was compensable as it was proximately related to the employment. ██ We agree with Pacific Telephone that whether applicant did in fact engage in forgery is crucial to the question of industrial injury. Accordingly, we annul the Board's decision and direct further proceedings as indicated herein.

I

Applicant was employed from January 5, 1971, through March 20, 1975, by Pacific Telephone as a telephone directory advertising salesman. In his job applicant sold advertising space in telephone directories; he was paid on a salary plus commission basis.

Applicant alleges injury to his emotional state as a result of employment stress. The stress pertains to charges brought and the subsequent investigation and termination of applicant by Pacific Telephone based upon the allegation that applicant forged signatures of customers on advertising contracts. Applicant denies he forged the signature on any contracts. It appears undisputed that the stress of these charges, the investigation and the termination resulted in injury to applicant's emotional state in the form of severe psychiatric problems.

In holding the injury compensable the workers' compensation judge stated in his opinion on decision that he did "not feel that the decision in this case requires a finding as to applicant's guilt or innocence in connection with the numerous advertising contracts he was involved in during his employment with [Pacific Telephone]. Even a finding of guilt would not relieve [Pacific Telephone] from its obligation to provide workers' compensation benefits due to conditions arising out of and occurring in the course of applicant's employment with [Pacific Telephone]."

After granting reconsideration to study the question presented, the Board in a two-to-one panel decision affirmed the judge's decision.[1] This court then issued a writ of review.

## II

We deem it beyond dispute that if applicant had not forged any signatures that any injury to his emotional state would be compensable under the Workers' Compensation Act. This would be true even assum-

---

[1]In its opinion and decision after reconsideration the panel majority stated: "The Board has reviewed the entire record and cannot conclude that the workers' compensation judge incorrectly decided this case. The question of whether applicant did forge the contracts was hotly contested. The workers' compensation judge cited applicant's testimony and applicant's wife's testimony in support of his finding that applicant sustained a severe psychiatric injury while employed with [Pacific Telephone]. Thus, the workers' compensation judge apparently found applicant to be credible. Moreover, in the instant case, the Board notes that criminal proceedings were never processed against applicant. Further, the accusations which were apparently causally related to the psychiatric injury resulted in part from applicant's employment. Thus, the Board is disinclined to overrule the workers' compensation judge on the issue of an injury arising out of and occurring in the course of employment."

The Board majority implies the trial judge concluded that applicant had not committed the alleged forgeries. To the contrary, the judge *explicitly stated* he was not deciding this question.

The dissenting commissioner did not state any reasons for his disagreement with the majority.

ing Pacific Telephone had acted reasonably and properly in its accusation, investigation and discharge of applicant; the resulting psychiatric conditions would be concerned with applicant's underlying legitimate conduct (entering into advertising contracts with customers) which, in fact, had been in the course of his employment. Negligence by the employer is not a condition of compensability under the Workers' Compensation Act. (Lab. Code, § 3600, subd. (c).) The question here then becomes one of whether, if applicant did indeed forge customer signatures, his psychiatric condition is taken outside the scope of compensability under the Workers' Compensation Act.

A distinction must be made between an unauthorized departure from the course of employment and the performance of a duty in an unauthorized manner. Injury occurring during the course of the former conduct is not compensable. The latter conduct, while it may constitute serious and willful misconduct by the employee (Lab. Code, § 4551), does not take the employee outside the course of his employment. (*Williams* v. *Workmen's Comp. Appeals Bd.* (1974) 41 Cal.App.3d 937, 940-941 [116 Cal.Rptr. 607]; 1A Larson, Workmen's Compensation Law (1979) §§ 35.00-35.40; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1980) §§ 9.02 [1], 9.02 [2] [c]; St. Clair, Cal. Workers' Compensation Law and Practice (1980) ch. 5.4, pp. 68-69.)

Thus, "Where an employee is in the performance of the duties of his employer, the fact that the injury was sustained while performing the duty in an unauthorized manner or in violation of instructions or rules of his employer does not make the injury one incurred outside the scope of employment. (*Associated Indem. Corp.* v. *Ind. Acc. Com.*, 18 Cal.2d 40, 47 [112 P.2d 615]; *Auto Lite, etc. Corp.* v. *Ind. Acc. Com.*, 77 Cal. App.2d 629, 632 [176 P.2d 62].) '[The employee's] transgression of rules, instructions, or established custom, as the case may be, is wholly within the sphere of the employment. It may constitute serious and willful misconduct of the employee, but it does not take him out of the course of his employment.' (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 9.02[1][c].)" (*Williams* v. *Workmen's Comp. Appeals Bd., supra*, 41 Cal.App.3d at pp. 940-941.)

Accordingly, had applicant been disciplined by Pacific Telephone for a mere violation of Pacific Telephone's work rules, instructions or procedures, the resulting psychiatric disorders would clearly be compensable, whether or not the discipline was properly imposed. Here, however,

while surely the forging of signatures is against Pacific Telephone policy, the substance of Pacific Telephone's action against applicant is that he engaged in criminal activity.

■ To be sure, illegal or even criminal conduct by an employee in the course of employment does not *necessarily* remove him from the course of employment. (*Wiseman* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 570, 572-573 [297 P.2d 649]; *Williams* v. *Workmen's Comp. Appeals Bd., supra*, 41 Cal.App.3d at p. 941.)

In *Williams* the employee was a delivery man, who while on company business, ran a red light; he was pursued by a police officer and a high speed chase ensued. The accident occurred when the employee, during the chase, rear ended another vehicle. The referee (now called workers' compensation judge) found the injury compensable but held that as the employee was guilty of serious and willful misconduct his benefits were reduced by one-half. The Board reversed the referee, holding the injury noncompensable, reasoning that the employee abandoned his employment during the high speed chase. Annulling the Board's decision, the court first noted the distinction between an unauthorized departure from the course of employment and the performance of duties in an unauthorized manner. The court rejected the Board's argument that the injury was noncompensable as at the time of injury the employee was concerned only with eluding his pursuer; the court observed that "an employee's personal purpose at the time of injury is irrelevant so long as he is engaged generally in performing a task for his employer. (*Wiseman* v. *Industrial Acc. Com., supra*, 46 Cal.2d 570, 573.) And it has been held that where the employee is combining his own business with that of his employer no nice inquiry will be made as to which business he actually engaged in at the time of injury, "'unless it clearly appears that neither directly [n]or indirectly could he have been serving his employer.'" (*Wiseman* v. *Industrial Acc. Com., supra*, at p. 573. See also *State Emp. etc. System* v. *Ind. Acc. Com.*, 97 Cal.App.2d 380 [217 P.2d 992].)" *Williams, supra*, 41 Cal.App.3d at p. 942.)

Here, we cannot conceive of a realistic argument that applicant would be directly or indirectly serving his employer by the forging of contract signatures. Accordingly, injury sustained during the actual furtherance of the criminal activity of forgery would not be compensable. Here, however, the claimed industrial injury was not sustained directly during the course of the alleged criminal activity but sustained as a con-

sequence of the accusation, investigation and termination of applicant by Pacific Telephone.

Factually similar is *Berg* v. *Lucky Markets* (1968) 33 Cal.Comp. Cases 607. There the employee sustained injury to his nervous system consisting of an aggravation of a preexisting psychiatric condition while employed as a retail liquor salesman after he was interrogated by the store manager and a security guard for the alleged theft of money from the employer. During the interrogation the employee did admit to the store manager that he stole money but before the appeals board he maintained such admission was only under duress. Reversing the trial referee, the Board held the injury noncompensable under the Workers' Compensation Act on the basis that as the employee did, in fact, steal money from the employer his injury was not incidental to his employment but a consequence of his criminal conduct.[2]

■ Accordingly, we hold that if applicant in fact engaged in the criminal activity of forgery, his injury herein cannot be held compensable under the Workers' Compensation Act, as his injury would not be a consequence of his employment but incidental to his criminal conduct. The matter must therefore be remanded to the Board to make a finding on this factual question.

■ On remand, the burden of proof is upon Pacific Telephone to establish by a preponderance of the evidence (see Witkin, Cal. Evidence (2d ed. 1966) Burden of Proof and Presumptions, § 208, pp. 189-190) every element of the criminal activity of forgery. (Evid. Code, § 520; see *Ross* v. *Workmen's Comp. Appeals Bd.* (1971) 21 Cal.App.3d 949, 955 [99 Cal.Rptr. 79].) All reasonable doubts, however, are to be resolved in favor of applicant. (Lab. Code, § 3202; *Ross, supra*, at p. 955.)

Further, we observe that the medical record makes reference to the *possibility* that job stress at Pacific Telephone prior to the alleged forg-

---

[2]The Court of Appeal, Second Appellate District, Division Four denied a petition for writ of review (33 Cal.Comp.Cases 609) and the Supreme Court denied a hearing (33 Cal.Comp.Cases 796) of the Board's decision in *Berg*. This, however, does not necessarily indicate the appellate courts' agreement with the Board's decision regarding the issues presented in *Berg*. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 336, 347 [151 Cal.Rptr. 368].) We rely on *Berg* only in the sense that it is a decision of the Board. While prior Board decisions are not binding upon this court (just as the Supreme Court is not bound by prior decisions of the Court of Appeal), we find *Berg* persuasive. (See *Messina* v. *Workers' Comp. Appeals Bd.* (1980) 105 Cal.App.3d 964, 967-968, fn. 3 [164 Cal.Rptr. 762].)

eries - might have resulted in applicant unconsciously forging the signatures. If as a consequence of prior job stress at Pacific Telephone applicant developed a mental disease or defect which in turn resulted in the forgeries, clearly compensable would be the further injury to applicant's emotional state by Pacific Telephone's accusation, investigation and discharge. On remand the Board should first further explore this question; if this is indeed the case, further inquiry into the issue of whether applicant in truth committed the criminal acts of forgery would be unnecessary.

### III

The Board's decision is annulled and the matter remanded to the Board for further proceedings as are consistent with our opinion herein.

Ashby, J., and Hastings, J., concurred.

The petition of respondent Blackburn for a hearing by the Supreme Court was denied January 14, 1981.