TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 96-506 |
| of | : | |
| | : | January 7, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE LAWRENCE M. WATSON, CHIEF ACTING COUNTY COUNSEL, ORANGE COUNTY, has requested an opinion on the following question:

May a person holding a non-management, clerical position in the office of a board of retirement governed by the County Employees Retirement Law of 1937 serve as a member of the board of retirement?

CONCLUSION

A person holding a non-management, clerical position in the office of a board of retirement governed by the County Employees Retirement Law of 1937 may serve as a member of the board of retirement.

ANALYSIS

Under the County Employees Retirement Law of 1937 (Gov. Code, §§ 31450-31898; "Act")**Footnote No. 1** a retirement system may be established in each county for the employees of the county, special districts, and specified other public agencies. (§ 31500; *Traub* v. *Board of Retirement* (1983) 34 Cal.3d 793, 798; 79 Ops.Cal.Atty.Gen. 95 (1996); 70 Ops.Cal.Atty.Gen. 1 (1987).) The administration of such a retirement system is vested in a board of retirement. (Cal. Const., art. XVI, § 17; §§ 31520, 31595; "board.")**Footnote No. 2** Section 31520.1, applicable to the county in question, provides:

". . . the board of retirement shall consist of nine members and one alternate, one of whom shall be the county treasurer. The second and third members of the board shall be members of the association, other than safety members, elected by such members within 30 days after the retirement system becomes operative in a manner determined by the board of supervisors. The fourth, fifth, sixth, and ninth members shall be qualified electors of the county who are not connected with the county government in any capacity, except one may be a

supervisor, and shall be appointed by the board of supervisors. A supervisor appointed as a member of the retirement board shall not serve beyond his term of office as supervisor. The seventh member shall be a safety member of the association elected by the safety members. The eighth member shall be a retired member elected by the retired members of the association in a manner to be determined by the board of supervisors. . . ."

We are advised that on January 1, 1995, a person holding a non-management, clerical position in the office of a board of retirement was elected to the board as one of the general employee representatives ("[t]he second and third members of the board shall be members of the association, other than safety members, elected by such members"). We are asked whether this person may seek reelection when her current term of office on the board expires on December 31, 1997. We conclude that she is not barred from seeking reelection.

The issue arises due to the Legislature's recent enactment of section 53227. It provides:

"(a) An employee of a local agency may not be sworn into office as an elected or appointed member of the legislative body of that local agency unless he or she resigns as an employee. If the employee does not resign, the employment shall automatically terminate upon his or her being sworn into office.

"(b) For any individual who is an employee of a local agency and an elected or appointed member of that local agency's legislative body prior to January 1, 1996, this section shall apply when he or she is reelected or reappointed, on or after January 1, 1996, as a member of the local agency's legislative body."

Section 53227.2 sets forth the definitions applicable to the prohibition of section 53227 as follows:

"For purposes of this article, the following definitions apply:

"(a) `Local agency' means a city, city and county, district, municipal or public corporation, political subdivision, or other public agency of the state. `Local agency' does not include a county.

"(b) `Legislative body' means the board of supervisors of a city and county, the city council of a city, or the governing body of a district, municipal or public corporation, political subdivision, or other public agency of the state."

In analyzing the terms of sections 53227 and 53227.2, we rely on well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning. [Citations.]" (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "`Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citation.]" (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562.)

Applying these principles of construction, we note that in order for the prohibition of section 53227 to apply, the person must be "[a]n employee of a local agency." Is a person holding a non-management, clerical position in the office of a board of retirement such an employee? The Legislature has defined "local agency" for purposes of section 53227 as excluding a county. "`Local agency' does not include a county." (§ 53227.2, subd. (a).) We have examined the legislative histories of sections 53227 and 53227.2 (Stats. 1995, ch. 237, § 1; Stats. 1995, ch. 579, § 4.5), and they fully support the intended exclusion of county employees from the prohibition of section 53227. "The Legislature has power to prescribe legal

definitions of its own language, and when an act passed by the Legislature embodies a definition it is binding on the courts." (*In re Marriage of Stephens* (1984) 156 Cal.App.3d 909, 913.)

Non-management, clerical personnel in the office of a board of retirement are employees of the county. Section 31522.1 provides:

"The board of retirement and both the board of retirement and the board of investment may appoint administrative, technical, and clerical staff personnel as are required to accomplish the necessary work of the boards. The appointments shall be made from eligible lists created in accordance with the civil service or merit system rules of the county in which the retirement system governed by the boards is situated. *The personnel shall be county employees* and shall be subject to the county civil service or merit system rules and shall be included in the salary ordinance or resolution adopted by the board of supervisors for the compensation of county officers and employees." (Italics added.)

Accordingly the prohibition of section 53227 has no application to those serving on the clerical staff of a board of retirement, since such employees are employees of the county.**Footnote No. 3** Section 53227 does not modify the provisions of section 31522.1 with respect to board membership, regardless of whether the board may be considered a "local agency" for purposes of the prohibition. (See *Traub* v. *Board of Retirement*, *supra*, 34 Cal.3d at p. 798; *Summerford* v. *Board of Retirement* (1977) 72 Cal.App.3d 128, 132.)

We conclude that a person holding a non-management, clerical position in the office of a board of retirement governed by the Act may serve as member of the board.**Footnote No. 4**

\* \* \* \* \*

**Footnote No. 1**
Undesignated section references herein are to the Government Code.
**Footnote No. 2**
In certain cases, the responsibility for investing the assets of a retirement system may be delegated to a separate board of investment. (§ 31520.2.)
**Footnote No. 3**
The administrator of the retirement system is not subject to county civil service or merit system rules but is a county employee and subject to "the salary ordinance or salary resolution adopted by the board of supervisors for the compensation of county officers and employees." (§ 31522.2.)
**Footnote No. 4**
Since the employee herein is part of the clerical staff of the board, no conflict in her duties would normally be expected regarding her responsibilities as an employee and board member. Were she to perform work which later was to be reviewed by the board, her abstention as a board member with respect to the matter would appear to be appropriate. (See, e.g., Cal. Code Regs. tit. 2, § 558, subd. (6).)