142 F.3d 447
 96 Cal. Comp. Cases 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos VALENZUELA, Petitioner,
v.
Director, Office of Workers' Compensation Programs and
National Steel & Shipbuilding Co., Respondents.
 No. 96-70998.
 BRB No. 95-1418.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted April 10, 1998.
Decided April 15, 1998.
 
 Appeal from the United States Department of Labor Benefits Review Board.
 Before GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review a petition to set aside the Benefit's Review Board's ("BRB") summary affirmance of the Administrative Law Judge's ("ALJ") denial of compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.[1] Petitioner Carlos Valenzuela disputes the ALJ's grant of summary judgment to Respondent National Steel & Shipbuilding Company ("NASSCO") on the ground that the ALJ erroneously applied issue preclusion to the decision of the California Worker's Compensation Judge (the "WCJ"). We have jurisdiction pursuant to § 33 U.S.C. 921(5)(c). The parties are familiar with the factual and procedural history of this case and we will not recount it except as necessary to explain our decision. For the reasons set forth below, we deny the petition for review.
 
 
 3
 1. In his state administrative action before the WCJ, Valenzuela was required to prove that his injuries to his left leg, hip, and lower back were employment-related by a preponderance of the evidence. See Cal. Lab.Code § 3202.5. By contrast, in his LHWCA claim Valenzuela merely had to allege that he suffered these injuries accidentally in the course of his employment with NASSCO. See 33 U.S.C. § 902(2). Once Valenzuela so alleged, his injuries were presumed to be employment-related unless NASSCO introduced substantial evidence to rebut the presumption. See 33 U.S.C. § 920.
 
 
 4
 2. Despite the fact that Valenzuela had the benefit of a rebuttable presumption under the LHWCA that was unavailable to him in the earlier state administrative proceeding, we hold that he was required to carry the same burden of persuasion before the ALJ that he had failed to carry before the WCJ. Applying the LHWCA, the BRB has held that, once the employer rebuts the § 920(a) presumption, "claimant ... bears the burden of persuasion under the preponderance of the evidence standard." Casey v. Georgetown Univ. Med. Center, 1997 WL 692216 (Ben.Rev.Bd.), at * 5. But the Supreme Court has gone further, holding that the burden of proof provision of the Administrative Procedure Act ("APA") applies to the LHWCA and that, under the APA, "when the evidence is evenly balanced, the benefits claimant must lose." Director, OWCP v. Greenwhich Collieries, 512 U.S. 267, 281, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). This means that the employee ultimately must carry his burden of persuasion on the issue of employment-relatedness by a preponderance of the evidence, even if the employer fails to rebut the § 920(a) presumption.[2]
 
 
 5
 3. The ALJ was required to apply the preclusion rules of the state in which the WCJ rendered his decision, in this case California. See 28 U.S.C. § 1738; see Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Traub v. Board of Retirement, 34 Cal.3d 793, 195 Cal.Rptr. 681, 684, 670 P.2d 335 (Cal.1983). As we have just explained, Valenzuela bore the same ultimate burden of persuasion in both proceedings. Under these circumstances, California courts would give the WCAB judgment preclusive effect, notwithstanding that the § 920(a) presumption made Valenzuela's initial burden of production lighter by deferring his ultimate burden of persuasion until after NASSCO had adduced evidence. See Greatorex v. Board of Admin. of the City Employees' Retirement Syst. of San Diego, 91 Cal.App.3d 54, 154 Cal.Rptr. 37, 38 (Cal.Ct.App.1979); see French v. Rishell, 40 Cal.2d 477, 254 P.2d 26, 28 (Cal.1953). Our inquiry into the soundness of the WCJ's decision would be pointless because California courts would give the state administrative agency's decision preclusive effect, even if they thought it was erroneous. Martin v. Martin, 2 Cal.3d 752, 87 Cal.Rptr. 526, 533, 470 P.2d 662 (Cal.1970). We hold, therefore, that the ALJ's application of issue preclusion was proper.
 
 
 6
 4. NASSCO concedes, and we agree, that Valenzuela timely may seek a hearing under 33 U.S.C. § 922 for a modification of his award for his original employment-related knee injury. We add that the terms of that statute entitle Valenzuela to seek a modification of the BRB's order rejecting his claim for his new injuries to his left leg, hip, and lower back, provided that he can demonstrate that the deputy commissioner made some erroneous factual finding. See 33 U.S.C. § 922; see Director, OWCP v. Palmer Coking Coal Co., 867 F.2d 552, 555 (9th Cir.1989).
 
 
 7
 5. For the foregoing reasons, we deny Valenzuela's petition for review.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because this appeal was pending before the BRB for more than one year, it was summarily affirmed by operation of Public Law No. 104-134. Under these circumstances, we review the ALJ's decision directly and reverse if the ALJ committed errors of law or failed to adhere to the substantial evidence standard. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997)
 
 
 [2]
 If the employer does not rebut the § 920(a) presumption by adducing substantial evidence, the evidence the claimant produced to state his prima facie case will preponderate