BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE JACK SCOTT, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May the board of retirement of a county employees retirement association appoint an alternate for the eighth office on the board, which office is held by a retired member elected by the retired members of the association, without the approval of the jurisdiction's electorate?
 CONCLUSION
The board of retirement of a county employees retirement association may appoint an alternate for the eighth office on the board, which office is held by a retired member elected by the retired members of the association, without the approval of the jurisdiction's electorate.
 ANALYSIS
The Constitution requires that any changes in the method of selecting the members of a board of retirement of a county employees retirement association be approved by the jurisdiction's electorate. Subdivision (f) of section 17 of article XVI of the Constitution states:
"With regard to the retirement board of a public pension or retirement system which includes in its composition elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed."
The question presented for resolution is whether this constitutional provision is applicable when the board of retirement of a county employees retirement association appoints an alternate for the board's eighth office, which office is held by a retired member elected by the retired members of the association. We conclude that the constitutional provision is inapplicable to the appointment or election of an alternate.
The Legislature has enacted a comprehensive statutory scheme, the County Employees Retirement Law of 1937 (Gov. Code, §§ 31450
-31898)[1] to provide for retirement benefits for county employees. (See Traub v. Board of Retirement
(1983) 34 Cal.3d 793; 80 Ops.Cal.Atty.Gen. 11 (1997); 79 Ops.Cal.Atty.Gen. 95 (1996).) Two related statutes are the focus of this opinion. Under the terms of section 31520.1, county employees retirement associations have a governing board consisting of nine members, with the eighth member being "a retired member elected by the retired members of the association. . . ." Of the other eight members of the board, one is the county treasurer, one is a safety member of the association, two are non-safety members of the association, and four are members of the public (one of whom may be a county supervisor). Section31520.1 also authorizes the possible appointment of an alternate, who must be a safety member of the association. If there is an alternate, section 31520.1 provides in part:
"The alternate member provided for by this section shall vote as a member of the board only in the event the second, third, seventh, or eighth member is absent from a board meeting for any cause, or if there is a vacancy with respect to the second, third, seventh, or eighth member, the alternate member shall fill such vacancy until a successor qualifies. The alternate shall sit on the board in place of the seventh member when a member of the same service is before the board for determination of his retirement."
Accordingly, "by law . . . in effect on July 1, 1991" (Cal. Const., art. XVI, § 17, subd. (f)), an alternate could be selected under the terms of section 31520.1 to vote for the eighth member on the board if the latter were absent and to fill the vacancy in the eighth office if one were to arise.
In 1992, the Legislature enacted section 31520.5 (Stats. 1992, ch. 96, § 1) and amended the statute in 2000 (Stats. 2000, ch. 486, § 1) and in 2001 (Stats. 2001, ch. 168, § 1). Section 31520.5
provides:
"(a) Notwithstanding Section 31520.1, in any county subject to Articles 6.8 (commencing with Section 31639) and 7.5 (commencing with Section 31662.2), the board of retirement may, by majority vote, appoint, from a list of nominees submitted by an organization consisting solely of retired members, an alternate retired member to the office of the eighth member, who shall serve until the expiration of the current term of the current eighth member and thereafter the alternate retired member shall be elected separately by the retired members of the association in the same manner and at the same time as the eighth member is elected.
"(b) The term of office of the alternate retired member shall run concurrently with the term of office of the eighth member. The alternate retired member shall vote as a member of the board only in the event the eighth member is absent from a board meeting for any cause. If there is a vacancy with respect to the eighth member, the alternate retired member shall fill that vacancy until a successor qualifies. The alternate retired member shall be entitled to the same compensation as the eighth member only if the alternate retired member is present and acting for the eighth member during the entire meeting.
"(c) If this section is made applicable in any county, by the appointment of an alternate eighth member, the alternate safety member shall not sit and act for the eighth member."
The issue to be resolved is whether the appointment and election of an alternate as authorized in section 31520.5 constitutes a change in "the number, terms, and method of selection or removal of members of the retirement board" for purposes of the Constitution. If so, the change must first be "ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed." (Cal. Const., art. XVI, § 17, subd. (f).)
We do not believe that section 31520.5 constitutes a modification in the selection of retirement board members. The number of persons on the board remains at nine. Only one person may hold the office of the eighth member both before and after the enactment of section 31520.5. An alternate is not a "member" of the board for purposes of the constitutional voter approval requirement since there cannot be two eighth members. While an alternate on a board may have certain rights and meet certain qualifications (see, e.g., Candlestick Properties, Inc. v.San Francisco Bay Conservation etc. Com. (1970) 11 Cal.App.3d 557,567-569; 82 Ops.Cal.Atty.Gen. 29 (1999); 78 Ops.Cal.Atty.Gen. 285 (1995)), we believe the constitutional voter approval requirement only applies to the number, terms, and method of selection of the regular members of a retirement board.
Our determination is confirmed by an examination of the purposes of the voter approval requirement as expressed when the requirement was added to the Constitution. The requirement was part of an initiative measure, Proposition 162, on the General Election ballot of November 3, 1992. The background for the proposed constitutional amendment was described by the Legislative Analyst as follows:
"Public pension systems in California provide retirement benefits to a wide range of state and local government employees — such as teachers, firefighters, and police officers. The largest of these pension systems are the state's Public Employees' Retirement System (PERS) and the State Teachers' Retirement System (STRS). In addition, there are over 100 other public retirement systems that serve counties, cities, special districts, and the University of California.
"Funds for payment of retirement benefits under these public retirement systems come from assets held in trust by each system's governing board. These assets include contributions from employees and employers, plus income earned on the investment of these contributions. The members of many public retirement systems elect some members of their governing boards. The State Constitution requires each board to use fund assets to: (1) provide benefits to members of the system and their beneficiaries, (2)minimize employer contributions, and (3) pay reasonable administrative costs.
"The Constitution specifies the general authority and responsibilities of public pension systems. Within these limits, the Legislature can change various administrative functions and activities of public pension systems. For example, recent legislation removed the actuarial function from the PERS Board and placed this function under a State Actuary appointed by the Governor and confirmed by the Legislature. (A primary function of the actuary is to determine the employer's annual contribution rate.) In addition, recent legislation also allowed the use of certain PERS assets to offset employer contribution costs." (Ballot Pamp., Gen. Elec. (Nov. 3, 1992) analysis of Prop. 162 by Legislative Analyst, p. 37.)
The proponents of the initiative described its purposes as follows:
"Do you believe politicians should be able to raid the pension funds of retirees?
 "That's exactly what they have done — and will continue to do — unless we pass PROPOSITION 162.
"A YES vote on PROPOSITION 162 will prevent politicians from raiding the pension funds of firefighters, police officers and other active and retired public employees.
"It's not right to allow politicians to balance their budgets on the backs of seniors and retirees. For many retirees who have worked hard all of their lives, their only source of dignity and security is the pension they earned.
They depend on those pensions to survive.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
(Id., argument in favor of Prop. 162, p. 38.)
The stated purposes of Proposition 162 would not be substantially served by requiring voter approval of the method of appointment or election of an alternate on a retirement board. An "alternate" is not a board member for the purposes of preventing "politicians from raiding the pension funds of firefighters, police officers and other active and retired public employees.
We conclude that the board of retirement of a county employees retirement association may appoint an alternate for the eighth office on the board, which office is held by a retired member elected by the retired members of the association, without such method of selection being submitted to the jurisdiction's electorate for approval.
[1] All references hereafter to the Government Code are by section number only.