BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE JOSEPH CANCIAMILLA, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. With respect to a board of retirement that has appointed personnel under the 1937 County Employees' Retirement Law, are capital expenses incurred in the operation of the retirement system to be treated as an "expense of administration" subject to the annual limitation on "expense incurred" by the system?
2. If so, are capital expenses to be accounted for on an accrual basis in accordance with standards established by the State Controller and the Governmental Accounting Standards Board, which allocate capital expenses to the periods when the assets are used?
 CONCLUSIONS
1. With respect to a board of retirement that has appointed personnel under the 1937 County Employees' Retirement Law, capital expenses incurred in the operation of the retirement system are to be treated as an "expense of administration" subject to the annual limitation on "expense incurred" by the system.
2. Capital expenses incurred by a board of retirement that has appointed personnel under the 1937 County Employees' Retirement Law are to be accounted for on an accrual basis in accordance with standards established by the State Controller and the Governmental Accounting Standards Board, which allocate capital expenses to the periods when the assets are used.
 ANALYSIS
The County Employees Retirement Law of 1937 (Gov. Code, § 31450-31898; "Act")[1] authorizes counties to establish independent retirement systems for their employees. (§ 31500; 80 Ops.Cal.Atty.Gen 36 (1997); see Traub v. Board of Retirement (1983) 34 Cal.3d 793, 798-799.)[2] The administration of such a retirement system is vested in a board of retirement. (Cal. Const., art. XVI, 17; §§ 31520, 31595.) A board of retirement has a fiduciary duty to manage the employees' retirement fund, which is a trust fund established under the Act for the exclusive benefit of active and retired employees and their survivors and beneficiaries. (§§ 31588, 31595.) The retirement fund consists of employer contributions, employee contributions, and investment earnings on monies deposited in the fund. (§§ 31591-31592.4; 79 Ops.Cal.Atty.Gen. 95, 96 (1996).) No distributions may be made other than for expenses of administration, investments for the benefit of the system, and the provision of benefits to the members and retired members of the system and their survivors and beneficiaries. (§ 31588.2.)
With respect to expenses of administration, the Act generally directs the county board of supervisors to appropriate annually from county funds the amounts necessary to cover such expenses. (§ 31580.) However, where a board of retirement has appointed personnel, the expenses of administration are to be paid from the earnings of the retirement fund itself. Section 31580.2 states:
 "In counties in which the board of retirement, or the board of retirement and the board of investment, have appointed personnel pursuant to Section 31522.1 or 31522.5, or both, the respective board or boards shall annually adopt a budget covering the entire expense of administration of the retirement system which expense shall be charged against the earnings of the retirement fund. The expense incurred in any year may not exceed eighteen-hundredths of 1 percent of the total assets of the retirement system."
The two questions presented for resolution concern the application of section 31580.2 where a board of retirement has appointed personnel pursuant to section 31522.1[3] or section 31522.5.[4] Are capital assets, such as buildings and office equipment,[5] to be treated as an "expense of administration" subject to the annual "expense incurred" limitation,[6] and if so, are they to be accounted for on an accrual basis? We answer both questions in the affirmative.
In addressing these two questions, we preliminarily note that the State Controller is required to prescribe for counties uniform accounting procedures conforming to generally accepted accounting principles (§ 30200) and to provide each county with a manual of accounting standards and procedures (Cal. Code Regs., tit. 2, § 904) known as the State Controller's Manual of Accounting Standards and Procedures for Counties ("Manual"). The Manual incorporates accounting standards established by the Governmental Accounting Standards Board ("Board"), which has the authority to issue generally accepted accounting principles ("Statements") for state and local governmental units. (See Manual, §§ 1.01-1.05.) The Manual's provisions apply to the approximately 20 counties operating their retirement systems under the Act. (Manual, § 20.01.)[7]
1. "Expense of Administration"
The first issue to be resolved is whether capital expenses constitute "expenses of administration" to be paid for out of the earnings of the retirement fund. In 70 Ops.Cal.Atty.Gen. 277 (1987), we examined the meaning of the phrase "expense of administration" contained in section 31580.2 with respect to services provided by county offices and departments for the benefit of the retirement system. We concluded that section 31580.2 "is intended to encompass all direct and indirect costs of administering and operating a county retirement system, including costs of required services of county offices and departments, and additionally all direct and indirect costs whether controlled by the county board of retirement or not." (Id., at p. 281.) We based our conclusion upon the plain meaning of the phrase "the entire expense of the administration of the retirement system," noting that the word "entire" was apparently supplied as if for emphasis. (Ibid.) We also noted that our conclusion facilitated the purpose behind the enactment of section 31850.2 — to transfer the costs of operating the county retirement system from the general tax revenues of the county to the earnings of the retirement fund. (Id., at p. 282.)
Similarly, here, to treat capital expenses as administrative expenses would serve the purposes of section 31580.2, preventing such expenses from being a burden upon county taxpayers. Such treatment in classifying capital expenses as an "expense of administration" is consistent with the accounting standards established by the Board (Statement No. 25, par. 99) and incorporated by reference in the Manual (Manual, § 20.04), which states: "assets used in plan operations . . . are essentially prepayments for future administrative services . . . ." We find our 1987 opinion and the State Controller's Manual to be dispositive of the issue presented.
Accordingly, we conclude in answer to the first question that with respect to a board of retirement that has appointed personnel under the Act, capital expenses incurred in the operation of the retirement system are to be treated as an "expense of administration" subject to the annual limitation on "expense incurred" by the system.[8]
2. Accrual Basis of Accounting
We next consider whether capital expenses are to be accounted for on an accrual basis.[9] Accounting on an accrual basis is a method of accounting that "`attempts to record the financial effects on an enterprise of transactions and other events and circumstances that have cash consequences for an enterprise in the periods in which those transactions, events, and circumstances occur rather than only in the periods in which cash is received or paid by the enterprise.'" (Miller, Governmental GAAP Guide (2004) § 3.03.) Accordingly, "[t]he primary function of accrual accounting is to allocate revenues and expenses to the periods that are equitably entitled to be credited or charged with the revenues and expenses. The time that a receipt or payment is actually made is of only secondary importance." (Faris, Accounting for Lawyers (3rd ed. 1975), p. 78.) In contrast, accounting on a cash basis requires all revenues and expenses to be recognized strictly as cash is received and disbursed.
Here, a cash basis of accounting would require the entire cost of a major capital expense to be recognized in the year of acquisition. The accrual method of accounting, on the other hand, would involve capitalization of the expense (i.e., carrying the expense on the books as an asset) and the subsequent depreciation of the capitalized cost (i.e., allocating the cost of the capital asset over its useful life). We believe that the accrual basis of accounting is the appropriate method of accounting for capital expenses incurred by a retirement system that is subject to the provisions of section 31580.2.
Accounting for capital assets on an accrual basis is a generally accepted accounting principle. As one commentator has explained:
 "When dealing with assets, such as building and equipment having useful lives greater than a year, both good business accounting and tax law require that the cost of the asset be spread out as an expense of operation over the years that the asset is used. The full cost of such assets should not be `expensed' in the year of acquisition." (Faris, Accounting for Lawyers, supra, p. 93.)
The accounting standards adopted by the Board (Statement No. 25, par. 25) and incorporated in the Manual (Manual, § 20.04) provide that "[p]lan assets used in plan operations (for example, buildings, equipment, furniture and fixtures, and leasehold improvements) should be reported at historical cost less accumulated depreciation or amortization. (See Miller, Governmental GAAP Guide, supra, at p. 28.10.) The Board's standards further provide that administrative expenses, such as depreciation expense and operating expenses, should be measured using the accrual method of accounting. (Id., at p. 28.13.) The rationale given by the Board for this treatment of a plan's operating assets is as follows:
 ". . . [A]ssets used in plan operations are unlike other plan assets because they are not expected to generate future cash flows for the payment of benefits. They are essentially prepayments for future administrative services and, from that perspective, reporting them at depreciated historical cost is appropriate." (Statement No. 25, par. 99.)
Thus, the Board's standards, as incorporated in the Manual, call for capital expenses incurred in the operation of a governmental pension plan to be accounted for on an accrual basis. (See Manual, § 4.10.)
A board of retirement that has appointed personnel under the Act, like other state and local public retirement systems, is to use "generally accepted accounting principles" in preparing its financial reports. (§§ 7503, 7504.) Generally accepted accounting principles provide that capital assets are accounted for on an accrual basis in the circumstances presented.
We conclude that capital expenses incurred by a board of retirement that has appointed personnel under the Act are to be accounted for on an accrual basis in accordance with standards established by the State Controller and the Board, which allocate capital expenses to the periods when the assets are used.
[1] All section references are to the Government Code unless otherwise indicated.
[2] Counties have the option of adopting the financial provisions of article 5 (§§ 31580-31607) or an alternative set of financial provisions set forth in article 5.5 (§§ 31610-31619) of the Act. (See 70 Ops.Cal.Atty.Gen. 1, 5-8 (1987).) As section 31580.2, the focus of our inquiry, applies whether or not the alternative financial provisions have been adopted, we will refer only to the article 5 provisions for purposes of this opinion.
[3] Section 31522.1 provides:
 "The board of retirement and both the board of retirement and the board of investment may appoint such administrative, technical, and clerical staff personnel as are required to accomplish the necessary work of the boards. The appointments shall be made from eligible lists created in accordance with the civil service or merit system rules of the county in which the retirement system governed by the boards is situated. The personnel shall be county employees and shall be subject to the county civil service or merit system rules and shall be included in the salary ordinance or resolution adopted by the board of supervisors for the compensation of county officers and employees."
[4] Section 31522.5 is similar to section 31522.1 but pertains only to the County of Orange.
[5] Capital assets are major assets that benefit more than a single fiscal period and include land, buildings, improvements, infrastructure, and equipment. (State Controller's Office, Accounting Standards and Procedures for Counties (May 2003) § 1.10.)
[6] We adopt the following as our working definition of "expenses": "Outflows or other using up of assets or incurrences of liabilities (or a combination of both) from . . . rendering services or carrying out other activities that constitute the entity's ongoing major or central operations." (State Controller's Office, Accounting Standards and Procedures for Counties, supra, appen. C, p. 31.)
[7] The other counties of the state are either members of the Public Employees Retirement System or they operate their retirement systems as public trusts (§§ 53215-53224).
[8] Of course, where a capital asset, such as real estate, is purchased as an investment rather than for use by the retirement system, it would not constitute an "expense of administration." (See Manual, appen. C, p. 44.)
[9] There is a modified accrual basis of accounting (see Cal. Code Regs., tit. 2, § 914) that is not relevant to the present inquiry.